UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES B.,

                Plaintiff,

    v.                                     5:21-CV-953
                                         (TJM/DJS)
KILOLO KIJAKAZI, *Acting Commissioner
of Social Security*,[1]

                Defendant.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

OLINSKY LAW GROUP                HOWARD OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street
Ste. 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.      NATASHA OELTJEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[2]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d). The Clerk is directed to modify the docket accordingly.

[2] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 13 & 15. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be granted and Defendant's Motion be denied.

## I. RELEVANT BACKGROUND.

### A. Procedural History

Plaintiff was born in 1972. Dkt. No. 7, Admin. Tr. ("Tr."), p. 59. Plaintiff reported completing high school. Tr. at p. 33. He has past work experience as a machine operator. Tr. at p. 70. Plaintiff applied for disability and disability insurance benefits in August 2019. *See* Tr. at p. 13. Plaintiff alleges disability based upon a number of medical conditions, including spinal fusion, nerve damage, and upper back pain. Tr. at p. 59. He alleged a disability onset date of January 29, 2016. *Id.* Plaintiff's applications were initially denied on January 8, 2020. Tr. at pp. 92-97. Reconsideration was denied. *See* Tr. at p. 13. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 114-115. An administrative hearing was held on November 3, 2020 at which Plaintiff and a vocational expert testified. Tr. at pp. 29-57. On November 23, 2020, ALJ John Ramos issued a decision finding that Plaintiff was not disabled. Tr. at pp. 13-22. On June 25, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act

1

through March 31, 2022 and that he had not engaged in substantial gainful activity since his alleged onset date. Tr. at p. 15. Second, the ALJ found that Plaintiff had the following severe impairment: degenerative disc disease of the cervical spine with fusion surgery. Tr. at p. 16. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 17. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with limitations. *Id.* Fifth, the ALJ found that Plaintiff could not perform his past relevant work. Tr. at p. 21. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. at pp. 21-22. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 22.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus*

*v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff raises a single issue for the Court's consideration in this action – the ALJ's alleged failure to properly evaluate the opinions of two treating medical providers. Dkt. No. 13, Pl.'s Mem. of Law at pp. 12-18. Having considered the record and the arguments set forth by the parties, the Court recommends that the matter be remanded for further proceedings.

Because Plaintiff's claim was filed on May 12, 2017, new Social Security regulations apply for the consideration of medical opinions. *James W. v. Kijakazi*, 2022 WL 685288, at *3 (N.D.N.Y. Mar. 8, 2022). Under these regulations "no special deference is given to the treating physician's opinion." *Id.* "Although under the new regulations the ALJ is not required to give specific evidentiary weight to a particular medical opinion, he is still required to articulate how

he considered the medical opinion, including explaining how he considered the 'supportability' and 'consistency' factors." *Jaleesa H. v. Comm'r of Soc. Sec.*, ___ F. Supp.3d ___, 2022 WL 174337, at *5 (W.D.N.Y. Jan. 18, 2022). "Both supportability and consistency in part require comparison of the medical opinions with other medical sources." *Mark K. v. Comm'r of Soc. Sec.*, 2021 WL 4220621, at *4 (W.D.N.Y. Sept. 16, 2021) (citing 20 C.F.R. § 404.1520c(c)(1)-(2)). "The supportability factor measures whether the medical opinion is supported by objective medical evidence and accompanying explanations. It does not measure whether the medical opinion is supported by a single doctor's findings." *Darla W. v. Comm'r of Soc. Sec.*, 2021 WL 5903286, at *8 (N.D.N.Y. Dec. 14, 2021) (internal citation omitted). "The consistency factor measures whether a medical opinion is consistent with medical and nonmedical evidence in a claim." *Id.* at *9.

"In assessing a claimant's RFC, an ALJ must consider all of the relevant medical and other evidence." *Mills v. Astrue*, 2012 WL 6681685, at *3 (N.D.N.Y. Dec. 21, 2012) (internal quotations and citations omitted); *see also Knapp v. Apfel*, 11 F. Supp. 2d 235, 238 (N.D.N.Y. 1998) ("The RFC is determined by considering all relevant evidence"). The question for the Court is whether the RFC is supported by substantial evidence. *Mills v. Astrue*, 2012 WL 6681685, at *3. This Court has consistently required that an ALJ provide a sufficient explanation of his determination to "allow[] a claimant or subsequent reviewer to follow the adjudicator's reasoning." *Christeenia C. v. Saul*, 2021 WL 2644104, at *4 (N.D.N.Y. June 28, 2021). Providing that explanation requires the ALJ to build an accurate and logical bridge between the evidence and his conclusion to facilitate that meaningful review. *Pamela P. v.*

*Saul*, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020). Here, the record is lacking in this regard and the Court recommends remand.

Plaintiff objects specifically to the ALJ's consideration of the opinion of Physician Assistant Amy Gemelli, which was also signed by Dr. Martin Schaeffer. Tr. at pp. 1476-1479. The record demonstrates that Plaintiff had a treating relationship with them for approximately four years. Tr. at p. 1476. The ALJ's discussion of the opinion is a single paragraph, in which the ALJ also purports to consider five other opinions.[3] In doing so, the ALJ specifically references the treating providers' opinion only a few times.

The ALJ first objected to what he considered "very little objective findings to support their opinions." Tr. at p. 20. The opinion was provided on a standard "check-box" type form leaving little room for narrative explanation. *See* Tr. at pp. 1476-1479. The Second Circuit has expressly stated that the use of such a form does not, on its own, justify affording an opinion less weight. *Colgan v. Kijakazi*, 22 F.4th 353, 361 (2d Cir. 2022). The ALJ's decision does not discuss at any length PA Gemelli's nearly four-year history of treating Plaintiff. *See* Tr. at p. 1476 (noting treatment between 2016-2020). The ALJ's decision elsewhere notes significant objective findings that arguably support the Gemelli opinion. The ALJ, for example, does not appear to dispute Plaintiff's lengthy history of chronic neck and back pain for which he "reported only minimal pain relief from a variety of treatments, including multiple courses of physical therapy, chiropractic care, acupuncture, a TENS unit, epidural steroid injections, and a cervical fusion." Tr. at p. 19. The objective evidence also recognizes that diagnostic testing has "consistently demonstrated that [Plaintiff] has degenerative changes to his cervical spine."

---

[3] The ALJ's decision references six opinions in the administrative record. Tr. at p. 20 (citing Exhibits 5F, 20F, 21F, 25F, 29F, and 32F). Plaintiff's argument is based solely on Exhibit 25F. *See* Pl.'s Mem. of Law at p. 12.

*Id.* Though not specifically recited in the Gemelli opinion, there clearly were, contrary to the ALJ's brief statement, objective findings to support the opined limitations. To be sure, the ALJ also recognized that there was evidence in the record that runs contrary to that just discussed. For example, the ALJ noted that Plaintiff does not appear to "exhibit on-going distress; fatigue; muscle atrophy; deficits in standing, walking, or sitting." *Id.* There was also a consultative examination, which the ALJ found persuasive, identifying no or only moderate limitations and contained objective findings inconsistent with the limitations proffered by PA Gemelli. Tr. at pp. 20 & 1433-1436.

Under the regulations, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). That clearly permits the ALJ to consider the objective findings cited in the opinion in making an assessment as to the weight it should receive, but does not permit the ALJ to ignore, as it appears perhaps occurred here, the longitudinal objective evidence supporting the opinion that appears elsewhere in the record. *See Warren I. v. Comm'r of Soc. Sec.*, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (noting that under the new regulations ALJ should consider whether "the longitudinal record contains other evidence that could, arguably, support the treating sources' restrictive opinions.").[4]

The decision also lacks a detailed discussion of the supportability and consistency of the Gemelli opinion. "Although under the new regulations the ALJ is not required to give

---

[4] In addition, the ALJ offers no basis for concluding that the independent examination of Dr. Raymond Fiorini offered a quantitatively different level of objective findings than offered by Dr. Ganesh's consultative opinion. *Compare* Tr. at pp. 1352-1357 *with* Tr. at pp. 1433-1436. The ALJ was free to assess which opinion deserved more weight, but was required to provide a more complete explanation for doing so than was provided here.

specific evidentiary weight to a particular medical opinion, he is still required to articulate how he considered the medical opinion, including explaining how he considered the 'supportability' and 'consistency' factors." *Jaleesa H. v. Comm'r of Soc. Sec.*, 2022 WL 174337, at *5. "Courts in this Circuit have remanded when the ALJ failed to address either supportability or consistency." *William B. J. v. Comm'r of Soc. Sec.*, 2022 WL 344059, at *4 (N.D.N.Y. Feb. 4, 2022) (citing cases). For example, PA Gemelli's opinion stated that Plaintiff could lift ten pounds or less only rarely and greater weight never. Tr. at p. 1477. Dr. Fiorino's opinion found similar limits – lifting no more than ten pounds once and five pounds occasionally. Tr. at p. 1356. Both opinions also found that Plaintiff would need to frequently change positions at work. Tr. at pp. 1356 & 1477. These opinions were both found unpersuasive, but the ALJ did so without addressing the fact that multiple medical opinions favorable to Plaintiff were consistent with each other. Tr. at p. 20.

The ALJ also discounted the opinion that Plaintiff would likely miss more than four days of work per month as "speculative." Tr. at p. 21. "The ALJ did not explain why he believed these limitations were based on 'speculation,' and his failure to link this vague assertion to any evidence in the record precludes meaningful appellate review." *Wilson v. Colvin*, 213 F. Supp. 3d 478, 484 (W.D.N.Y. 2016). To the extent that the ALJ felt greater explanation was warranted regarding the conclusion about Plaintiff's expected absenteeism, he could have recontacted the providers for further information. *Pryn on behalf of Pryn v. Comm'r of Soc. Sec.*, 2020 WL 4059187, at *4 (W.D.N.Y. July 20, 2020) (citing *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)).

The Court's role is to assess whether the administrative determination is supported by substantial evidence, not to reweigh that evidence. *See Joanne R. v. Kijakazi*, 2021 WL 5629077, at *3 (N.D.N.Y. Dec. 1, 2021). Only when the ALJ provides a complete explanation, consistent with the governing regulations is the Court in a position to "to conduct meaningful review" as to whether "the ALJ's analysis and resulting RFC are supported by substantial evidence." *Muldowney v. Comm'r of Soc. Sec.*, 2018 WL 2417837, at *8 (N.D.N.Y. May 29, 2018). Here, the Court is unable to conduct that meaningful review and remand is recommended.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **REMANDED pursuant to sentence four of section 405(g)** for further proceedings; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d

Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: July 21, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge